### STERLING vs. JOHNSON AND WIFE.

When by a decree of a court, a party is directed to file a release by public act, previous to taking out execution, it is not a compliance with the decree, to file one *sous seing prive.*

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. This case commenced by an application for an injunction; and the principal question presented for our decision grows out of a decree formerly rendered by the court in an action, wherein the defendants in this suit recovered judgment against the plaintiff.

That action was commenced on an obligation, made jointly to the defendants; that is, to the husband and wife. Different debts had been assigned by the plaintiff as a collateral security for the payment; and this court, after giving judgment for the amount due, directed, "that the plaintiff do, previous to taking out execution, execute by *public act*, and file with the clerk of the district court in which the cause was tried, a transfer and assignment of the bonds of M'Gehee and Blackbourne, and M'Gehee and Nelson, or for all the remaining parts or portions of said bonds which may be due, after deducting the sums received by the plaintiffs, and credited to the defendants." *Vol.* 3*d*, 489.

Previous to issuing the execution, the plaintiffs filed in the office of the clerk of the district court, two instruments of writing, which, in obedience to the decree of this court, did renounce their right to the obligations therein mentioned; but that of the wife was an act *sous seing prive*, and that of the husband was as follows: "Be it remembered, that on this fifth day of May, in the year of our Lord 1825, personally appeared, R. Post Johnson, for himself and Martha J. Johnson, his wife,

Eastern Dis't
*January*, 1827

STERLING
*vs*
JOHNSON.

The acknowledgment of the husband before a notary, of an act under private signature by his wife, does not make it a public act.

When a note is payable to the wife, the husband cannot transfer her right, nor bring nor defend a suit respecting it, without her.

STERLING
vs.
JOHNSON.

of the city of New Orleans; who acknowledged the foregoing instrument of assignment, and transfer, to be their act and deed; and be it also remembered, that the said R. Post Johnson did, for himself and wife, relinquish, transfer, assign and deliver unto John Sterling, surviving partner of A. & J Sterling, all the monies that may be due on the bonds, &c. &c.

The cause was submitted to a jury in the court of the first instance, who found a verdict for the defendants, upon which verdict the court gave judgment dissolving the injunction. The plaintiff appealed.

The first point which it appears to us the case presents, is, whether the act of the wife under *private signature*, was a compliance with the decree of the court, that the assignment should be by *public act*.

We are of opinion that it was not. It does not conform with the letter of the decree; nor does it comply with the spirit and intention of it. The object of the court in directing the assignment to be by public act, was to insure the defendent against the trouble and difficulty of proving the instrument if it should be thereafter questioned. Were we even to admit that

an act under private signature, was a compliance in substance, with the order of the court, the record offers no proof that the act of transfer was really executed by the wife.

The next is, whether the acknowledgment of the husband on the part of the wife, is binding on her, so as to make the *sous seing prive* a public act; and if it be not, whether the assignment made by him in the same instrument, in the name of his wife, supplies the defect.

The original suit was brought on a note, payable to both husband and wife; and the action was commenced in the names of both. In the absence of any evidence to the contrary, we are bound to consider that the part of the note which belonged to the wife had not entered into the community. As her property, therefore, he could neither alienate it, nor bring, nor defend a suit respecting it, without her. There has been an exception to this general rule, lately introduced into our code, in relation to the partition of an estate belonging to the wife which consists in moveables; provided the same has been brought in by her as dowry. But the jurists who drew up the amendments state in their report to the legisla-

ture, that it was not intended to confer this authority in case the estate was paraphernal· Admitting that we could, by parity of reasoning, extend the principle so as to sanction acts of the husband, other than partition, in relation to the property of his wife, the record furnishes no evidence which brings the defendants within the exception.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the defendants be enjoined from taking out execution on the judgment rendered in this court in the case of Johnson and wife *vs.* Sterling, until they comply with the condition therein expressed—and that they pay costs in both courts.

*Woodroof* for the plaintiff, *Hennen* for the defendants.